THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SPENCER D. PLUMMER, III, | ) | Case No.  2:07CV409 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| GEOSTAR CORPORATION, et. al., | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  INTRODUCTION

On May 24, 2007, Plaintiff Spencer D. Plummer, III, filed an action in the Third Judicial District Court of Salt Lake County, in and for the State of Utah, against Geostar Corporation, Classic Star LLC, Gastar, Thom Robinson, Tony Ferguson, and John W. Parrott ("Defendants"). The action included causes of action for breach of a membership purchase agreement, breach of an employment agreement, and obstruction of Plummer's rights under a stock option agreement, as well as others. The defendants removed this action to federal court, claiming diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Mr. Plummer has moved this Court to remand the case to state court on the theory that the defendants "artificially created" diversity jurisdiction. The defendants have moved to strike Mr. Plummer's reply memorandum in support of his motion to remand, because it is not limited to rebuttal of matters raised in the opposition memorandum. The Court, for the following reasons, denies the defendants' Motion to Strike, and also denies Mr. Plummer's Motion to Remand.

## II.  ANALYSIS

**A.  Mr. Plummer's Procedural Defect Argument, Found in his Joint Reply Memorandum, will not be Stricken; However, the Court Finds the Argument Unpersuasive.**

In his Motion to Remand, Mr. Plummer alleged that the defendants had manufactured diversity jurisdiction in order to bring the case into federal court (the Court addresses these allegations below).  When the defendants, in separate memoranda, rebutted these allegations, Mr. Plummer abandoned his jurisdictional argument for a procedural one–that "Gastar has not given its independent and unambiguous consent to removal" because "Gastar's counsel never actually signed the *Notice of Removal*."  When the defendants noted that the signature clearly appeared electronically "with permission" from counsel, as required in the CM/ECF Administrative Procedures Manual, Mr Plummer narrowed his basis for removal down to the following two sentences in Gastar's Opposition Memorandum: "[Gastar] did not join the GeoStar Defendants' Notice of Removal" and "It was the GeoStar Defendants, after all, who filed the Notice of Removal." Gastar has stated that the first sentence is erroneous and has withdrawn it.

The defendants have moved to strike Mr. Plummer's Reply Memorandum because it introduces the procedural defect argument for the first time, something that is not allowed under 7-1(b)(3) of the District of Utah Civil Rules ("A reply memorandum must be limited to *rebuttal* of matters raised in the memorandum opposing the motion").   Mr. Plummer argues that his reply was proper because he was responding to the two sentences from Gastar's Opposition Memorandum, and prior to those two statements, he was unaware of the procedural defect.  The Court accepts Mr. Plummer's argument and hereby denies the Motion to Strike, or Alternatively, to File a Supplemental Memorandum.

The Court, however, does not find the procedural defect argument to be persuasive. Mr. Plummer cites numerous cases that state that each defendant must join in a notice of removal in writing. *See Jarvis v. FHP of Utah, Inc.,* 874 F.Supp. 1253, 1255 (D. Utah 1995) ("[t]here is nothing unfair about requiring each defendant to either sign the notice of removal, or file a written consent or written joinder to the original notice of removal"). This is an accurate statement of the law. But clearly, in this case, Gastar *did* sign the notice of removal. The signature appeared electronically "with permission" from counsel. Furthermore, Gastar submitted an independent, unambiguous Memorandum of Law in Opposition to Plaintiff's Motion to Remand, in which Gastar argued at length in support of removal and opposing remand.

While Gastar's statement that it did not join the other defendant's Notice of Removal and its later attempt to distance itself from the GeoStar Defendants in order to avoid sanctions, may be a bit puzzling, they are not sufficient to make the original, appropriately signed Notice of Removal ambiguous or procedurally defective.

**B.  There is no Evidence that the Defendants Inappropriately Manipulated the Citizenship of ClassicStar LLC to Force the Court to Exercise jurisdiction.**

The only purported basis for subject matter jurisdiction in this case is diversity of citizenship. Mr. Plummer contends that complete diversity did not exist at the time the legal proceedings began, because Mr. Plummer was a citizen of Utah and ClassicStar, one of the defendants, was a Utah limited liability company. He asserts that the defendants, desiring to consolidate this case with multiple investor fraud cases seeking consolidation before the MDL panel, manipulated the citizenship of ClassicStar LLC by reorganizing under the laws of

3

Kentucky in an attempt to force this court to exercise diversity jurisdiction. The Court does not find Mr. Plummer's argument persuasive.

On November 1, 2006, Mr. Plummer commenced an arbitration action against two of the six defendants in this case. The claims in the arbitration were different from those in this lawsuit, and ClassicStar, which Mr. Plummer claims is non-diverse here, was not even a party to that arbitration. A short time later, in December 2006, ClassicStar was reorganized under the laws of Kentucky. Mr. Plummer asserts that the reorganization was the defendants' attempt to manipulate ClassicStar LLC's citizenship–after Plummer began legal proceedings–in a strategic move to affect the eventual forum hearing the case. He does not provide any evidence for that assertion.

The defendants' explanation–which the Court finds reasonable–as to why ClassicStar was reorganized under Kentucky law, is that when Plummer and his father separated from ClassicStar in February 2006, there was no business reason to maintain ClassicStar as a Utah entity because the Plummers' residency in Utah was the reason for organizing as a Utah entity in the first place. With the separation from the Plummers, ClassicStar was reorganized under Kentucky law because it continued to have operations and property there.

**C. Plummer's Motion to Remand is Based on an Incorrect Legal Standard.**

Plummer's Motion to Remand is premised on the erroneous assertion that the diversity of an LLC is based on the state of organization. In reality, the courts have held that for purposes of diversity jurisdiction, an LLC is deemed to be a citizen of each state in which its members are citizens, not necessarily of the state where it is organized or registered. *See Birdsong v. Westglen*

*Endoscopy Center LLC,* 176 F.Supp. 1245, 1248 (D. Kan. 2001) ("an LLC is a citizen, for purposes of diversity, of each state where its members are citizens"); *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 347 n. 4 (8th Cir. 2007) ("an LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens"); *Pramco, LLC ex rel. CFSC Consortium, LLC,* 435 F.3d 51, 54 (1st Cir. 2006) (finding no reason to depart from rule in "every circuit to consider this issue" that LLC citizenship "is determined by the citizenship of all of its members").

In this case, as stated in the Notice of Removal, ClassicStar's members are *not* Utah Citizens. They are citizens of Delaware. Because none of ClassicStar's members were Utah citizens at the time the complaint was filed, or even at the time of the Michigan arbitration, ClassicStar is not a Utah citizen for purposes of diversity jurisdiction. Therefore, the Motion to Remand should be denied.

**D.  Even if the ClassicStar's State of Organization Determined its Citizenship, Complete Diversity Still Exists.**

Even if the state of organization of an LLC were determinative in deciding citizenship, there would still be complete diversity here. It is undisputed that this action commenced on May 24, 2007, the date Plummer filed his complaint. It is also undisputed that as of that date, ClassicStar was organized under the laws of Kentucky, not Utah. The Tenth Circuit has held that "diversity of citizenship is assessed at the time the action is filed[.]" *Myles v. Sapta,* 139 F.3d 912, 1998 WL 45494 *1 (10th Cir.). Mr. Plummer incorrectly argues that ClassicStar's organization under Utah law at the time he began his 2006 Michigan arbitration action is

somehow dispositive of the subject matter jurisdiction issue in this case. Plummer cites no legal authority for the proposition that diversity should be based on the state of organization at the time the Michigan arbitration was filed. And he fails to note that that action involved different parties and claims. Significantly, ClassicStar was not even a party to the Michigan arbitration. Despite Plummer's suggestion to the contrary, the existence of the Michigan arbitration–in which ClassicStar did not participate–has no bearing on the determination of ClassicStar's citizenship in this case.

### III.  CONCLUSION

For the foregoing reasons, it is hereby ordered that the Defendants' Motion to Strike or Alternatively, For Leave to File a Supplemental Brief is denied. The Plaintiff's Motion to Remand is also denied.

SO ORDERED.

DATED this 5th day of September, 2007.

BY THE COURT:

_David Sam_

DAVID SAM

SENIOR JUDGE

U.S. DISTRICT COURT